## UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FAISAL HOSSAIN AND | : | COURT OF COMMON PLEAS |
| NAYMA KHATUN | : | PHILADELPHIA COUNTY, PA |
| 5338 Chancellor Street | : | |
| Philadelphia, PA 19139 | : | SEPTEMBER TERM, 2021 |
| | : | NO. 01614 |
| vs. | : | |
| | : | |
| UBER TECHNOLOGIES, INC. | : | **USDC CIVIL ACTION** |
| c/o CT Corporation System | : | |
| 116 Pine Street, Suite 320 | : | **NO.  21-CV-4577** |
| Harrisburg, PA 17101 | : | |
| and | : | |
| PORTIER, LLC | : | |
| c/o CT Corporation System | : | |
| 116 Pine Street, Suite 320 | : | |
| Harrisburg, PA 17101 | : | |
| and | : | |
| RASIER, LLC | : | |
| c/o CT Corporation System | : | |
| 116 Pine Street, Suite 320 | : | |
| Harrisburg, PA 17101 | : | |
| and | : | |
| RASIER-PA, LLC | : | |
| c/o CT Corporation System | : | |
| 116 Pine Street, Suite 320 | : | |
| Harrisburg, PA 17101 | : | |
| and | : | |
| JOHN DOE | : | |
| Unknown | : | |
| Philadelphia, PA  00000 | : | |
| and | : | |
| JANE DOE, FOOD DELIVERY BUSINESS | : | |
| Unknown | : | |
| Philadelphia, PA 00000 | : | |

---

### NOTICE OF REMOVAL

TO THE CLERK OF COURTS:

Defendants**,** Uber Technologies, Inc., Portier, LLC, Rasier, LLC and Rasier-PA, LLC

(hereinafter collectively referred to as "Moving Defendants") by and through their undersigned

counsel, Vaughan Baio & Partners, hereby file this Notice of Removal pursuant to 28 U.S.C. § 1446(a), averring as follows:

1.      On September 21, 2021, Plaintiffs, Faisal Hossain and Nayma Khatun, filed a Complaint in the Philadelphia County Court of Common Pleas, Pennsylvania which was docketed at September Term, 2021, Civil Action No. 01614 ("State Court Action") against Moving Defendants, John Doe, and Jane Doe.  A true and correct copy of Plaintiffs' Complaint is attached hereto as Exhibit "A".

2.      Plaintiffs seek damages for injuries allegedly sustained as a result of an alleged assault and battery which occurred on or about September 25, 2019, in Philadelphia, Pennsylvania. *Id.* at ¶ 15.

3.      Plaintiff, Faisal Hossain, alleges that the subject incident "rendered him sick, sore, lame, and disabled.  He was hurt, wounded, and bruised in and about his head, limbs, and body.  More particularly, he suffered injuries including, but not limited to, the following: a closed nondisplaced fracture of lateral malleolus of the left fibula, non-displaced fracture of spiral oblique of the fibula at the level of the ankle joint, left toe fracture, abrasions and contusions of face and left leg." *Id.* at ¶ 23.

4.      Plaintiff, Nayma Khatun, alleges "she has been and will be required to expend sums of money for her husband's medical care; and she has been and will in the future be deprived of the services, assistance, and companionship of her husband." *Id.* at ¶ 60.

5.      Plaintiffs seeks damages in excess of the state court arbitration limit of $50,000, plus punitive damages.  *Id.* at "Wherefore Clauses" to Counts I-IV and VII.

6.      Plaintiffs allege they reside at 5338 Chancellor Street, Philadelphia, PA 19139. Plaintiffs are therefore citizens of the Commonwealth of Pennsylvania.  *Id.* at ¶¶ 1-2.

7.    Defendant, Uber Technologies, Inc., is a Delaware corporation with a principal place of business in California and is therefore a citizen of the States of Delaware and California.

8.    Defendant, Portier, LLC is a Delaware limited liability corporation with a principal place of business in California and is therefore a citizen of the States of Delaware and California.

9.    Defendant, Rasier-PA, LLC is a Delaware limited liability corporation with a principal place of business in California and is therefore a citizen of the States of Delaware and California.

10.    Defendant, Rasier, LLC is a Delaware limited liability corporation with a principal place of business in California and is therefore a citizen of the States of Delaware and California.

11.    Moving Defendants were served with Plaintiffs' Complaint on September 29, 2021.

12.    Defendants, John Doe and Jane Doe, have not yet been served with process in the State Court Action.

13.    While Plaintiffs' Complaint only alleges damages in excess of the State Court arbitration limits of $50,000, based upon the allegations contained within the Complaint that Plaintiff suffered injuries which "rendered him sick, sore, lame, and disabled" and that he suffered "a closed nondisplaced fracture of lateral malleolus of the left fibula, non-displaced fracture of spiral oblique of the fibula at the level of the ankle joint, left toe fracture, abrasions and contusions of face and left leg" it is believed and therefore averred that the amount in controversy exceeds the jurisdictional limits for removal of Seventy-Five Thousand Dollars ($75,000) as required by 28 U.S.C. §1332(a).

14.    Removal is therefore based upon diversity jurisdiction pursuant to 28 U.S.C. § 1332

because the Plaintiffs and Moving Defendants are incorporated in different states and the amount in controversy, exclusive of interest and costs, exceeds the sum of Seventy-Five Thousand Dollars ($75,000).

15.    Pursuant to 28 U.S.C. § 1441(a), venue is proper in the United States District Court for the Eastern District of Pennsylvania for purposes of removal because the pending State Court Action was filed within the District and the Complaint alleges that the incident occurred within the District.

16.    This Notice of Removal is timely filed pursuant to 28 U.S.C. Section 1446(b) because it is within thirty (30) days after service of Plaintiffs' Complaint on Moving Defendants.

**WHEREFORE**, based upon the foregoing, Moving Defendants, Uber Technologies, Inc., Portier, LLC, Raiser, LLC and Rasier-PA, LLC hereby remove this action from the Philadelphia County Court of Common Pleas to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

**VAUGHAN BAIO & PARTNERS**

BY: /s/ Jennifer M. Mannion
    MADELINE S. BAIO, ESQUIRE
    Attorney I.D. No.:  45107
    JENNIFER M. MANNION, ESQUIRE
    Attorney I.D. No.:  309709
    Attorneys for Defendants,
    Uber Technologies, Inc., Portier, LLC,
    Rasier, LLC, and Rasier-PA, LLC
    Two Logan Square
    100 N. 18th Street, Suite 700
    Philadelphia, PA19103
    T:  215-569-2400  F:  215-665-8300
    mbaio@vaughanbaio.com
    jmannion@vaughanbaio.com

Date: October 19, 2021

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and correct copy of the foregoing Notice of Removal was electronically filed and served on all counsel of record via the Court's Electronic Filing System and/or on unrepresented party by way of electronic mail or U.S. Mail, postage pre-paid on the date below.

**VAUGHAN BAIO & PARTNERS**

BY: *_/s/ Jennifer M. Mannion_*

    MADELINE S. BAIO, ESQUIRE
    Attorney I.D. No.:  45107
    JENNIFER M. MANNION, ESQUIRE
    Attorney I.D. No.:  309709
    Attorneys for Defendants,
    Uber Technologies, Inc., Portier, LLC,
    Rasier, LLC, and Rasier-PA, LLC
    Two Logan Square
    100 N. 18th Street, Suite 700
    Philadelphia, PA19103
    T:  215-569-2400  F:  215-665-8300
    mbaio@vaughanbaio.com
    jmannion@vaughanbaio.com

Date: October 19, 2021

# EXHIBIT "A"

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

**SEPTEMBER 2021**

E-Filing Number: 2109038798

**001614**

| | |
|---|---|
| **PLAINTIFF'S NAME**<br>FAISAL HOSSAIN | **DEFENDANT'S NAME**<br>UBER TECHNOLOGIES, INC., ALIAS: UBER EATS |
| **PLAINTIFF'S ADDRESS**<br>5338 CHANCELLOR STREET<br>PHILADELPHIA PA 19139 | **DEFENDANT'S ADDRESS**<br>C/O CT CORPORATION SYSTEM 116 PINE STREET SUITE 320<br>HARRISBURG PA 17101 |
| **PLAINTIFF'S NAME**<br>NAYMA KHATUN | **DEFENDANT'S NAME**<br>PORTIER, LLC, ALIAS: UBER EATS |
| **PLAINTIFF'S ADDRESS**<br>5338 CHANCELLOR STREET<br>PHILADELPHIA PA 19139 | **DEFENDANT'S ADDRESS**<br>C/O CT CORPORATION SYSTEM 116 PINE STREET SUITE 320<br>HARRISBURG PA 17101 |
| **PLAINTIFF'S NAME** | **DEFENDANT'S NAME**<br>RASIER, LLC, ALIAS: UBER EATS |
| **PLAINTIFF'S ADDRESS** | **DEFENDANT'S ADDRESS**<br>C/O CT CORPORATION SYSTEM 116 PINE STREET SUITE 320<br>HARRISBURG PA 17101 |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 2 | 6 | [X] Complaint  [ ] Petition Action  [ ] Notice of Appeal<br>[ ] Writ of Summons  [ ] Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
|---|---|---|---|---|
| [ ] $50,000.00 or less<br>[X] More than $50,000.00 | [ ] Arbitration<br>[X] Jury<br>[ ] Non-Jury<br>[ ] Other: | [ ] Mass Tort<br>[ ] Savings Action<br>[ ] Petition | [ ] Commerce<br>[ ] Minor Court Appeal<br>[ ] Statutory Appeals | [ ] Settlement<br>[ ] Minors<br>[ ] W/D/Survival |

**CASE TYPE AND CODE**

20 - PERSONAL INJURY - OTHER

**STATUTORY BASIS FOR CAUSE OF ACTION**

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | **FILED PRO PROTHY**<br>SEP **21** 2021<br>**M. BRYANT** | IS CASE SUBJECT TO COORDINATION ORDER?<br>YES         NO |
|---|---|---|

**TO THE PROTHONOTARY:**

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: <u>FAISAL HOSSAIN , NAYMA KHATUN</u>

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY<br>PATRICK D. MACAVOY | ADDRESS<br>MARCIANO & MACAVOY, P.C.<br>16 W. FRONT STREET<br>MEDIA PA 19063 |
|---|---|
| **PHONE NUMBER**<br>(610)566-6500 | **FAX NUMBER**<br>(610)566-6501 | |
| **SUPREME COURT IDENTIFICATION NO.**<br>209005 | E-MAIL ADDRESS<br>pmacavoy@marcianolegal.com |
| **SIGNATURE OF FILING ATTORNEY OR PARTY**<br>*PATRICK MACAVOY* | DATE SUBMITTED<br>Tuesday, September 21, 2021, 04:55 pm |

FINAL COPY (Approved by the Prothonotary Clerk)

## COMPLETE LIST OF DEFENDANTS:

```
1. UBER TECHNOLOGIES, INC.
     ALIAS: UBER EATS
     C/O CT CORPORATION SYSTEM 116 PINE STREET SUITE 320
     HARRISBURG PA 17101
2. PORTIER, LLC
     ALIAS: UBER EATS
     C/O CT CORPORATION SYSTEM 116 PINE STREET SUITE 320
     HARRISBURG PA 17101
3. RASIER, LLC
     ALIAS: UBER EATS
     C/O CT CORPORATION SYSTEM 116 PINE STREET SUITE 320
     HARRISBURG PA 17101
4. RASIER-PA, LLC
     ALIAS: UBER EATS
     C/O CT CORPORATION SYSTEM 116 PINE STREET SUITE 320
     HARRISBURG PA 17101
5. JOHN DOE
     UNKNOWN
     PHILADELPHIA PA 00000
6. JANE DOE, FOOD DELIVERY BUSINESS
     UNKNOWN
     PHILADELPHIA PA 00000
```

**JURY OF TWELVE (12) IS DEMANDED** by the
**ASSESSMENT OF DAMAGES HEARING REQUIRED**

Filed and Attested by the
Office of Judicial Records
21 SEP 2021 04:55 pm
Attorneys for M. BRYANT

MARCIANO & MacAVOY, P.C.
BY: KEVIN R. MARCIANO, ESQUIRE
BY:  PATRICK D. MacAVOY, ESQUIRE
IDENTIFICATION NO. 65901/209005
16 WEST FRONT STREET
MEDIA, PA 19063
(610) 566-6500
Fax (610) 566-6501
kmarciano@marcianolegal.com
pmacavoy@marcianolegal.com

---

| | |
|---|---|
| FAISAL HOSSAIN and<br>NAYMA KHATUN, h/w<br>5338 Chancellor St.<br>Philadelphia, PA  19139 | : COURT OF COMMON PLEAS<br>: OF PHILADELPHIA COUNTY<br>:<br>: SEPTEMBER TERM, 2021 |
| | : |
| Plaintiffs,<br>v. | : No.<br>:<br>: |
| | : |
| UBER TECHNOLOGIES, INC., a/k/a, d/b/a,<br>t/a UBER EATS<br>CT Corporation System<br>116 Pine Street, Suite 320<br>Harrisburg, PA 17101 | :<br>:<br>:<br>:<br>: |
| and | :<br>: |
| PORTIER, LLC, a/k/a, d/b/a, t/a UBER<br>EATS<br>CT Corporation System<br>116 Pine Street, Suite 320<br>Harrisburg, PA 17101 | :<br>:<br>:<br>:<br>: |
| and | :<br>: |
| RASIER, LLC, a/k/a, d/b/a, t/a UBER EATS<br>CT Corporation System<br>116 Pine Street, Suite 320<br>Harrisburg, PA 17101 | :<br>:<br>:<br>: |
| and | :<br>: |
| RASIER-PA, LLC, a/k/a, d/b/a, t/a<br>UBER EATS<br>CT Corporation System<br>116 Pine Street, Suite 320 | :<br>:<br>:<br>: |

Case ID: 210901614

Harrisburg, PA 17101                          :
                                              :
                                    and       :
                                              :
JOHN DOE, AN ADULT MALE WHO                   :
ASSAULTED AND/OR BATTERED                     :
FAISAL HOSSAIN AT PAPA JOHN'S                 :
PIZZA, 104 S. 40th STREET,                    :
PHILADELPHIA, PA ON SEPTEMBER 25,             ;
2019                                          :
                                    and       :
                                              :
JANE DOE, THE FOOD DELIVERY                   :
BUSINESS FOR WHOM JOHN DOE                    :
WORKED ON SEPTEMBER 25, 2019                  :
                                              :
Defendants.                                   :

## COMPLAINT – CIVIL ACTION
## NEGLIGENCE – 2O – OTHER PERSONAL INJURY

## NOTICE TO DEFEND

### "NOTICE"

"You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

"YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP." THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE FOR NO FEE.

> Philadelphia Bar Association
> Lawyer Referral
> and Information Service
> One Reading Center
> Philadelphia, PA 19107
> (215) 238-6333
> TTY (215) 451-6197

### "AVISO"

"Le han demando a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) diás de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

"LLEVE ESTA DEMANDA A UN AGOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL." ESTA OFICINA PUEDE PODER PROVEER DE USTED LA INFORMACIÓN SOBRE LAS AGENCIAS QUE PUEDEN OFRECER SERVICIOS JURÍDICOS A LAS PERSONAS ELEGIBLES EN UN HONORARIO REDUCIDO PARA NINGÚN HONORARIO.

> Asociacion de Licenciados
> de Filadelfia
> Servicio de Referencia e
> Informacion Legal
> One Reading Center
> Philadelphia, PA 19107
> (215) 238-6333
> TTY (215) 451-6197

Case ID: 210901614

**JURY OF TWELVE (12) IS DEMANDED**
**ASSESSMENT OF DAMAGES HEARING REQUIRED**

**MARCIANO & MacAVOY, P.C.**
BY: KEVIN R. MARCIANO, ESQUIRE                    Attorneys for Plaintiffs
BY:  PATRICK D. MacAVOY, ESQUIRE
IDENTIFICATION NO. 65901/209005
16 WEST FRONT STREET
MEDIA, PA 19063
(610) 566-6500
Fax (610) 566-6501
kmarciano@marcianolegal.com
pmacavoy@marcianolegal.com

---

| | |
|---|---|
| FAISAL HOSSAIN and | : COURT OF COMMON PLEAS |
| NAYMA KHATUN, h/w | : OF PHILADELPHIA COUNTY |
| 5338 Chancellor St. | : |
| Philadelphia, PA  19139 | : SEPTEMBER TERM, 2021 |
| | : |
| Plaintiffs, | : No. |
|       v. | : |
| | : |
| UBER TECHNOLOGIES, INC., a/k/a, d/b/a, | : |
| t/a UBER EATS | : |
| CT Corporation System | : |
| 116 Pine Street, Suite 320 | : |
| Harrisburg, PA 17101 | : |
|       and | : |
| | : |
| PORTIER, LLC, a/k/a, d/b/a, t/a UBER | : |
| EATS | : |
| CT Corporation System | : |
| 116 Pine Street, Suite 320 | : |
| Harrisburg, PA 17101 | : |
|       and | : |
| | : |
| RASIER, LLC, a/k/a, d/b/a, t/a UBER EATS | : |
| CT Corporation System | : |
| 116 Pine Street, Suite 320 | : |
| Harrisburg, PA 17101 | : |
|       and | : |
| | : |
| RASIER-PA, LLC, a/k/a, d/b/a, t/a | : |
| UBER EATS | : |
| CT Corporation System | : |
| 116 Pine Street, Suite 320 | : |
| Harrisburg, PA 17101 | : |
| | : |

---

Case ID: 210901614

|  | and | : |
|  |  | : |
| JOHN DOE, AN ADULT MALE WHO | | : |
| ASSAULTED AND/OR BATTERED | | : |
| FAISAL HOSSAIN AT PAPA JOHN'S | | : |
| PIZZA, 104 S. 40th STREET, | | : |
| PHILADELPHIA, PA ON SEPTEMBER 25, | | ; |
| 2019 | | : |
|  | and | : |
|  |  | : |
| JANE DOE, THE FOOD DELIVERY | | : |
| BUSINESS FOR WHOM JOHN DOE | | : |
| WORKED ON SEPTEMBER 25, 2019 | | : |
|  |  | : |
| Defendants. | | : |

## CIVIL ACTION COMPLAINT
## NEGLIGENCE – 2O – OTHER PERSONAL INJURY

I.   **PARTIES**

1.   Plaintiff Faisal Hossain is an adult individual and citizen of the Commonwealth of

Pennsylvania and County of Philadelphia, residing with his wife, Nayma Khatun, at 5338

Chancellor Street, Philadelphia, PA  19139.

2.   Plaintiff, Nayma Khatun is an adult individual and citizen of the Commonwealth of

Pennsylvania and County of Philadelphia, residing with her husband, Faisal Hossain, at

5338 Chancellor Street, Philadelphia, PA  19139.

3.   Defendant Uber Technologies, Inc., a/k/a, d/b/a, t/a Uber Eats is a business entity actively

doing business in the Commonwealth of Pennsylvania and County of Philadelphia with a

registered agent for service of process c/o CT Corporation System, 116 Pine Street, Suite

320, Harrisburg, PA 17101.

4.   Defendant Portier, LLC, a/k/a, d/b/a, t/a Uber Eats is a business entity actively doing

business in the Commonwealth of Pennsylvania and County of Philadelphia with a

3

registered agent for service of process c/o CT Corporation System, 116 Pine Street, Suite 320, Harrisburg, PA 17101.

5. Defendant Rasier, LLC, a/k/a, d/b/a, t/a Uber Eats is a business entity actively doing business in the Commonwealth of Pennsylvania and County of Philadelphia with a registered agent for service of process c/o CT Corporation System, 116 Pine Street, Suite 320, Harrisburg, PA 17101.

6. Defendant Rasier-PA, LLC, a/k/a, d/b/a, t/a Uber Eats is a business entity actively doing business in the Commonwealth of Pennsylvania and County of Philadelphia with a registered agent for service of process c/o CT Corporation System, 116 Pine Street, Suite 320, Harrisburg, PA 17101.

7. Defendants Uber Technologies, Inc., a/k/a, d/b/a, t/a Uber Eats, Portier, LLC, a/k/a, d/b/a, t/a Uber Eats, Rasier, LLC, a/k/a, d/b/a, t/a Uber Eats, and Rasier-PA, LLC, a/k/a, d/b/a, t/a Uber Eats are hereinafter collectively referred to as "Uber,,.

8. Defendant John Doe, an Adult Male Who Assaulted and/or Battered Faisal Hossain at Papa John's Pizza, 104 S. 40th Street, Philadelphia, PA on September 25, 2019 (hereinafter "John Doe,,) is a fictitious designation of an individual whose actual name is unknown to the Plaintiffs after having conducted a reasonable search with due diligence. Upon information and belief Defendant John Doe is a resident and citizen of the Commonwealth of Pennsylvania and County of Philadelphia.

9. Defendant Jane Doe, the Food Delivery Business for Whom John Doe Worked on September 25, 2019 (hereinafter "Jane Doe,,) is a fictitious designation of a business entity whose actual name is unknown to the Plaintiffs after having conducted a reasonable search with due diligence. Plaintiff believes and therefore avers Defendant. Jane Doe regularly conducts business in Pennsylvania. Further, Plaintiff believes and

4

therefore avers that Defendant Jane Doe regularly conducts business in Philadelphia County.

10. At all times material hereto, Defendants Uber and/or Jane Doe are transportation network companies (hereinafter "TNC,,).

11. At all times material hereto, Defendants Uber and/or Jane Doe supply a technology platform (for Defendant Uber, it is known as Uber Eats) where an online application connects a delivery driver and a customer who pays a fee which is automatically calculated and charged to the payment method a customer links to his/her/their account with the aforesaid TNC Defendant(s).

12. At all times hereafter mentioned and at the time of the incident complained of, Defendants Uber and/or Jane Doe, by and through their agents, employees, officers, staff, administrators, representatives, and servants, individually, maintained certain responsibilities and obligations for the TNC.

13. At all times material hereto, Defendants Uber and/or Jane Doe were acting by and through their agents, employees, officers, staff, administrators, representatives, and servants, acting under the control and/or right of control of the aforementioned Defendants.

14. At all times relevant to this case, Defendant John Doe was an agent, ostensible agent, servant, worker, and/or employee of Defendants Uber and/or Jane Doe, acting within the nature and scope of his employment with the aforementioned Defendants.

15. On or about September 25, 2019, Defendant John Doe, acting within the scope of his employment as a food delivery person for Defendants Uber and/or Jane Doe entered the Papa John's Pizza located at 104 S. 40th Street, Philadelphia, PA where Plaintiff, Mr. Hossain, was working and negligently and/or intentionally engaged in a physical

5

Case ID: 210901614

altercation with Mr. Hossain, causing serious physical injuries to him as more specifically described herein.

16. At no time did Mr. Hossain incite, invite, and/or instigate contact with Defendant John Doe.

17. In the physical altercation, Defendant John Doe, acting within the scope of his employment as a food delivery person for Defendants Uber and/or Jane Doe, negligently and/or intentionally employed physical and violent force on Mr. Hossain, including but not limited to striking Mr. Hossain in and about his head, and kicking Mr. Hossain, resulting in serious and permanent physical injuries to Mr. Hossain as more specifically described herein.

18. At all times material hereto, Defendants Uber and/or Jane Doe were responsible for the actions and/or inactions of Defendant John Doe performed within the course of his employment pursuant to the doctrine of respondeat superior.

19. At all times material hereto, Defendants Uber and/or Jane Doe were vicariously responsible for the actions and/or inactions of Defendant John Doe.

20. At all times material hereto, Defendants Uber and/or Jane Doe knew or should have known of the violent propensities of Defendant John Doe, yet still permitted him to work as a driver for Defendants, exposing members of the general public, such as Plaintiff, to the threat of injury.

21. The above-described collision and the Plaintiff's injuries and damages were also caused in substantial part by the negligent, reckless, grossly negligent and/or willful/wanton actions and/or inactions of Defendant John Doe.

Case ID: 210901614

22. The above-described collision and the Plaintiff's injuries and damages were also caused in substantial part by the negligent, reckless, grossly negligent, and/or willful/wanton actions and/or inactions of Defendants Uber and/or Jane Doe.

23. As a direct and proximate result of the negligence, carelessness and/or recklessness of Defendants, Plaintiff suffered permanent internal and external injuries, which rendered him sick, sore, lame, and disabled. He was hurt, wounded, and bruised in and about his head, limbs, and body. More particularly, he suffered injuries including, but not limited to, the following: a closed nondisplaced fracture of lateral malleolus of the left fibula, non-displaced fracture of spiral oblique of the fibula at the level of the ankle joint, left toe fracture, abrasions and contusions of face and left leg.

24. As a direct and proximate result of the negligence, carelessness, and/or recklessness of Defendants, Plaintiff has been required to incur expenses for necessary and reasonable medical treatment for his aforesaid injuries. Plaintiff was advised, believes, and therefore avers that he will continue to require medical care for his injuries indefinitely into the future.

25. As a direct and proximate result of the negligence, carelessness, and/or recklessness of Defendants, Plaintiff has suffered a loss of earnings in his employment and an impairment of her earning capacity. Plaintiff believes and therefore avers that his aforesaid loss of earnings and impairment of earning capacity will be permanent in nature.

26. As a direct and proximate result of the negligence, carelessness, and/or recklessness of Defendants, Plaintiff has suffered and will continue to suffer severe physical pain, disability, mental anguish, embarrassment, humiliation, and other incidental costs, all of which Plaintiff believes and therefore avers will be permanent in nature.

Case ID: 210901614

27. The events set forth herein which resulted in the injuries to Plaintiff were caused solely and exclusively by reason of the aforementioned liability-producing conduct of Defendants, individually, jointly and/or severally.

## COUNT I

### PLAINTIFFS FAISAL HOSSAIN and NAYMA KHATUN, h/w
### v.
### DEFENDANT UBER TECHNOLOGIES, INC., a/k/a, d/b/a, t/a UBER EATS

28. Plaintiffs incorporate here by reference all allegations of this Complaint.

29. The events set forth herein which resulted in the injuries and damages to Plaintiff were caused solely and exclusively by reason of the negligence, carelessness, recklessness and other wrongful and liability-producing conduct of the Defendants named herein, individually, jointly and/or severally.

30. The events set forth herein which resulted in the injuries and damages to Plaintiff were caused by the negligence, recklessness, and/or carelessness of Defendant Uber Technologies, Inc., a/k/a, d/b/a, t/a Uber Eats, individually, and by and through its agent, servant, contractor, and/or employee, and consisted of the following:

   a. Allowing Defendant John Doe to work as a delivery driver for Defendant when Defendant knew or should have known that Defendant John Doe had violent propensities which made him a danger to the community and was unfit to serve as a driver for Defendant picking up food from businesses and delivering food to members of the general public while in the scope of his employment with Defendant;

   b. Failing to properly screen and/or hire prospective agents, servants, contractors, and/or employees, such as Defendant John Doe;

8

c.  Hiring an individual unfit for interaction with the general public, such as Defendant John Doe;

d.  Failing to properly train its agents, servants, contractors, and/or employees, such as Defendant John Doe;

e.  Allowing Defendant John Doe to negligently and/or intentionally commit assault and battery upon Plaintiff without provocation;

f.  Permitting Defendant John Doe to pick up and deliver food orders in his vehicle under the Uber Eats brand knowing that members of the general public would rely on the perceived quality of that brand and safety of its delivery drivers;

g.  Failing to properly train and/or provide anger management training to employees such as Defendant John Doe to control his temper while interacting with members of the general public as an agent, servant, contractor, and/or employee of Defendant;

h.  Failing to compel Defendant John Doe to seek medical and/or psychiatric/psychological treatment to curb his violent propensities as a requirement for continued work in association with Defendant;

i.  Failing to terminate Defendant John Doe prior to the incident in question, when the Defendant employer knew or should have known of the violent propensities; and

j.  Allowing a dangerous individual such as Defendant John Doe to prowl the public streets of Philadelphia as an Uber Eats driver and to prey upon innocent victims such as Plaintiff.

Case ID: 210901614

31.    The very nature, quantity and liability-producing conduct of Defendant which resulted in the severe injury to an innocent party, evidences outrageous, malicious and intolerable conduct warranting the imposition of exemplary and/or punitive damages.

WHEREFORE, Plaintiffs demand judgment against the Defendants, individually and jointly and severally, in an amount in excess of Fifty Thousand ($50,000.00) Dollars in damages, costs, delay damages, punitive damages and all other damages to be determined at the time of trial.

## COUNT II

### PLAINTIFFS FAISAL HOSSAIN and NAYMA KHATUN, h/w
### v.
### DEFENDANT PORTIER, LLC, a/k/a, d/b/a, t/a UBER EATS

32.    Plaintiffs incorporate here by reference all allegations of this Complaint.

33.    The events set forth herein which resulted in the injuries and damages to Plaintiff were caused solely and exclusively by reason of the negligence, carelessness, recklessness and other wrongful and liability-producing conduct of the Defendants named herein, individually, jointly and/or severally.

34.    The events set forth herein which resulted in the injuries and damages to Plaintiff were caused by the negligence, recklessness, and/or carelessness of Defendant Portier, LLC, a/k/a, d/b/a, t/a Uber Eats, individually, and by and through its agent, servant, contractor, and/or employee, and consisted of the following:

a.    Allowing Defendant John Doe to work as a delivery driver for Defendant when Defendant knew or should have known that Defendant John Doe had violent propensities which made him a danger to the community and was unfit to serve as a driver for Defendant picking up food from

10

businesses and delivering food to members of the general public while in the scope of his employment with Defendant;

b. Failing to properly screen and/or hire prospective agents, servants, contractors, and/or employees, such as Defendant John Doe;

c. Hiring an individual unfit for interaction with the general public, such as Defendant John Doe;

d. Failing to properly train its agents, servants, contractors, and/or employees, such as Defendant John Doe;

e. Allowing Defendant John Doe to negligently and/or intentionally commit assault and battery upon Plaintiff without provocation;

f. Permitting Defendant John Doe to pick up and deliver food orders in his vehicle under the Uber Eats brand knowing that members of the general public would rely on the perceived quality of that brand and safety of its delivery drivers;

g. Failing to properly train and/or provide anger management training to employees such as Defendant John Doe to control his temper while interacting with members of the general public as an agent, servant, contractor, and/or employee of Defendant;

h. Failing to compel Defendant John Doe to seek medical and/or psychiatric/psychological treatment to curb his violent propensities as a requirement for continued work in association with Defendant;

i. Failing to terminate Defendant John Doe prior to the incident in question, when the Defendant employer knew or should have known of the violent propensities; and

Case ID: 210901614

j.  Allowing a dangerous individual such as Defendant John Doe to prowl the
public streets of Philadelphia as an Uber Eats driver and to prey upon
innocent victims such as Plaintiff.

35.  The very nature, quantity and liability-producing conduct of Defendant which
resulted in the severe injury to an innocent party, evidences outrageous, malicious and
intolerable conduct warranting the imposition of exemplary and/or punitive damages.

WHEREFORE, Plaintiffs demand judgment against the Defendants, individually and
jointly and severally, in an amount in excess of Fifty Thousand ($50,000.00) Dollars in damages,
costs, delay damages, punitive damages and all other damages to be determined at the time of
trial.

## COUNT III

### PLAINTIFFS FAISAL HOSSAIN and NAYMA KHATUN, h/w
### v.
### DEFENDANT RASIER, LLC, a/k/a, d/b/a, t/a UBER EATS

36.  Plaintiffs incorporate here by reference all allegations of this Complaint.

37.  The events set forth herein which resulted in the injuries and damages to Plaintiff
were caused solely and exclusively by reason of the negligence, carelessness, recklessness and
other wrongful and liability-producing conduct of the Defendants named herein, individually,
jointly and/or severally.

38.  The events set forth herein which resulted in the injuries and damages to Plaintiff
were caused by the negligence, recklessness, and/or carelessness of Defendant Rasier, LLC,
a/k/a, d/b/a, t/a Uber Eats, individually, and by and through its agent, servant, contractor, and/or
employee, and consisted of the following:

Case ID: 210901614

a.  Allowing Defendant John Doe to work as a delivery driver for Defendant
    when Defendant knew or should have known that Defendant John Doe
    had violent propensities which made him a danger to the community and
    was unfit to serve as a driver for Defendant picking up food from
    businesses and delivering food to members of the general public while in
    the scope of his employment with Defendant;

b.  Failing to properly screen and/or hire prospective agents, servants,
    contractors, and/or employees, such as Defendant John Doe;

c.  Hiring an individual unfit for interaction with the general public, such as
    Defendant John Doe;

d.  Failing to properly train its agents, servants, contractors, and/or
    employees, such as Defendant John Doe;

e.  Allowing Defendant John Doe to negligently and/or intentionally commit
    assault and battery upon Plaintiff without provocation;

f.  Permitting Defendant John Doe to pick up and deliver food orders in his
    vehicle under the Uber Eats brand knowing that members of the general
    public would rely on the perceived quality of that brand and safety of its
    delivery drivers;

g.  Failing to properly train and/or provide anger management training to
    employees such as Defendant John Doe to control his temper while
    interacting with members of the general public as an agent, servant,
    contractor, and/or employee of Defendant;

13

Case ID: 210901614

h.   Failing to compel Defendant John Doe to seek medical and/or psychiatric/psychological treatment to curb his violent propensities as a requirement for continued work in association with Defendant;

i.   Failing to terminate Defendant John Doe prior to the incident in question, when the Defendant employer knew or should have known of the violent propensities; and

j.   Allowing a dangerous individual such as Defendant John Doe to prowl the public streets of Philadelphia as an Uber Eats driver and to prey upon innocent victims such as Plaintiff.

39.   The very nature, quantity and liability-producing conduct of Defendant which resulted in the severe injury to an innocent party, evidences outrageous, malicious and intolerable conduct warranting the imposition of exemplary and/or punitive damages.

WHEREFORE, Plaintiffs demand judgment against the Defendants, individually and jointly and severally, in an amount in excess of Fifty Thousand ($50,000.00) Dollars in damages, costs, delay damages, punitive damages and all other damages to be determined at the time of trial.

## COUNT IV

### PLAINTIFFS FAISAL HOSSAIN and NAYMA KHATUN, h/w
### v.
### DEFENDANT RASIER-PA, LLC, a/k/a, d/b/a, t/a UBER EATS

40.   Plaintiffs incorporate here by reference all allegations of this Complaint.

41.   The events set forth herein which resulted in the injuries and damages to Plaintiff were caused solely and exclusively by reason of the negligence, carelessness, recklessness and

14

Case ID: 210901614

other wrongful and liability-producing conduct of the Defendants named herein, individually, jointly and/or severally.

42.    The events set forth herein which resulted in the injuries and damages to Plaintiff were caused by the negligence, recklessness, and/or carelessness of Defendant Rasier-PA, LLC, a/k/a, d/b/a, t/a Uber Eats, individually, and by and through its agent, servant, contractor, and/or employee, and consisted of the following:

a.   Allowing Defendant John Doe to work as a delivery driver for Defendant when Defendant knew or should have known that Defendant John Doe had violent propensities which made him a danger to the community and was unfit to serve as a driver for Defendant picking up food from businesses and delivering food to members of the general public while in the scope of his employment with Defendant;

b.   Failing to properly screen and/or hire prospective agents, servants, contractors, and/or employees, such as Defendant John Doe;

c.   Hiring an individual unfit for interaction with the general public, such as Defendant John Doe;

d.   Failing to properly train its agents, servants, contractors, and/or employees, such as Defendant John Doe;

e.   Allowing Defendant John Doe to negligently and/or intentionally commit assault and battery upon Plaintiff without provocation;

f.   Permitting Defendant John Doe to pick up and deliver food orders in his vehicle under the Uber Eats brand knowing that members of the general public would rely on the perceived quality of that brand and safety of its delivery drivers;

Case ID: 210901614

g.  Failing to properly train and/or provide anger management training to employees such as Defendant John Doe to control his temper while interacting with members of the general public as an agent, servant, contractor, and/or employee of Defendant;

h.  Failing to compel Defendant John Doe to seek medical and/or psychiatric/psychological treatment to curb his violent propensities as a requirement for continued work in association with Defendant;

i.  Failing to terminate Defendant John Doe prior to the incident in question, when the Defendant employer knew or should have known of the violent propensities; and

j.  Allowing a dangerous individual such as Defendant John Doe to prowl the public streets of Philadelphia as an Uber Eats driver and to prey upon innocent victims such as Plaintiff.

43.    The very nature, quantity and liability-producing conduct of Defendant which resulted in the severe injury to an innocent party, evidences outrageous, malicious and intolerable conduct warranting the imposition of exemplary and/or punitive damages.

WHEREFORE, Plaintiffs demand judgment against the Defendants, individually and jointly and severally, in an amount in excess of Fifty Thousand ($50,000.00) Dollars in damages, costs, delay damages, punitive damages and all other damages to be determined at the time of trial.

## COUNT V

## PLAINTIFFS FAISAL HOSSAIN and NAYMA KHATUN, h/w
## v.

16

Case ID: 210901614

## DEFENDANT JOHN DOE, AN ADULT MALE WHO ASSAULTED AND/OR BATTERED FAISAL HOSSAIN AT PAPA JOHN'S PIZZA, 104 S. 40th STREET, PHILADELPHIA, PA ON SEPTEMBER 25, 2019

44.     Plaintiffs incorporate here by reference all allegations of this Complaint.

45.     The injuries and damages sustained by Plaintiff Faisal Hossain described hereinabove were caused by the intentional battery committed upon him by Defendant John Doe who intentionally and with intent to harm Mr. Hossain struck him about the head and face, and other areas of the body.

46.     The conduct of Defendant was intentional, malicious, extreme, and outrageous and demonstrated an utter reckless disregard and/or callous indifference to the rights of Mr. Hossain, causing injuries, including but not limited to the injuries set forth hereinabove, and was done in bad faith and with an evil intent thereby warranting the imposition of punitive damages.

47.     Alternatively, the injuries and damages sustained by Mr. Hossain described hereinabove were caused by Defendant negligently, and/or carelessly, and/or recklessly, contacting Mr. Hossain about the head and face, and other areas of the body.

48.     The negligence, carelessness, and recklessness of Defendant John Doe includes fleeing the scene to avoid responsibility for the damages and injuries inflicted upon Plaintiff.

49.     At all times hereto, Defendant John Doe knew of his violent temper and propensities to act out violently against other individuals, yet failed to seek medical, psychiatric, and/or psychological treatment to curb his violent propensities which made him a danger to the community.

50.     At all times relevant hereto, Defendant John Doe knew or should have known he was emotionally and/or psychologically unfit to work as a driver for Uber and/or Jane Doe.

51.     At all times relevant hereto, Defendant John Doe's duties as an Uber Eats driver included picking up and delivering prepared foods within a limited amount of time.

Case ID: 210901614

52.     Defendant John Doe's attack on Plaintiff was committed as a response to a

perceived delay in the filling of his food order by Plaintiff.

53.     Uber and/or Jane Doe are vicariously liable for the actions of Defendant John

Doe.

WHEREFORE, Plaintiffs demand judgment against the Defendants, individually and

jointly and severally, in an amount in excess of Fifty Thousand ($50,000.00) Dollars in damages,

costs, delay damages, punitive damages and all other damages to be determined at the time of

trial.

## COUNT VI

### PLAINTIFFS FAISAL HOSSAIN and NAYMA KHATUN, h/w
### v.
### DEFENDANT JANE DOE, THE FOOD DELIVERY BUSINESS FOR WHOM JOHN
### DOE WORKED ON SEPTEMBER 25, 2019

54.     Plaintiffs incorporate here by reference all allegations of this Complaint.

55.     The events set forth herein which resulted in the injuries and damages to Plaintiff

were caused solely and exclusively by reason of the negligence, carelessness, recklessness and

other wrongful and liability-producing conduct of the Defendants named herein, individually,

jointly and/or severally.

56.     The events set forth herein which resulted in the injuries and damages to Plaintiff

were caused by the negligence, recklessness, and/or carelessness of Defendant Jane Doe,

individually, and by and through its agent, servant, contractor, and/or employee, and consisted of

the following:

> a. Allowing Defendant John Doe to work as a delivery driver for Defendant
>
>    when Defendant knew or should have known that Defendant John Doe had
>
>    violent propensities which made him a danger to the community and was unfit

18

to serve as a driver for Defendant picking up food from businesses and delivering food to members of the general public while in the scope of his employment with Defendant;

b. Failing to properly screen and/or hire prospective agents, servants, contractors, and/or employees, such as Defendant John Doe;

c. Hiring an individual unfit for interaction with the general public, such as Defendant John Doe;

d. Failing to properly train its agents, servants, contractors, and/or employees, such as Defendant John Doe;

e. Allowing Defendant John Doe to negligently and/or intentionally commit assault and battery upon Plaintiff without provocation;

f. Permitting Defendant John Doe to pick up and deliver food orders in his vehicle under Jane Doe's brand knowing that members of the general public would rely on the perceived quality of that brand and safety of its delivery drivers;

g. Failing to properly train and/or provide anger management training to employees such as Defendant John Doe to control his temper while interacting with members of the general public as an agent, servant, contractor, and/or employee of Defendant;

h. Failing to compel Defendant John Doe to seek medical and/or psychiatric/psychological treatment to curb his violent propensities as a requirement for continued work in association with Defendant;

    i.   Failing to terminate Defendant John Doe prior to the incident in question, when the Defendant employer knew or should have known of the violent propensities; and

    j.   Allowing a dangerous individual such as Defendant John Doe to prowl the public streets of Philadelphia as a driver for Jane Doe and to prey upon innocent victims such as Plaintiff.

57.    The very nature, quantity and liability-producing conduct of Defendant which resulted in the severe injury to an innocent party, evidences outrageous, malicious and intolerable conduct warranting the imposition of exemplary and/or punitive damages.

WHEREFORE, Plaintiffs demand judgment against the Defendants, individually and jointly and severally, in an amount in excess of Fifty Thousand ($50,000.00) Dollars in damages, costs, delay damages, punitive damages and all other damages to be determined at the time of trial.

## COUNT VII

### PLAINTIFF NAYMA KHATUN
### v.
### ALL DEFENDANTS

### LOSS OF CONSORTIOUM

58.    Plaintiffs incorporate here by reference all allegations of this Complaint.

59.    Nayma Khatun is married to Faisal Hossain and resides with him at the address listed above.

60.    Solely as a result of Defendants' conduct, Ms. Khatun has suffered the following damages:

    a)   She has been and will be required to expend sums of money for her husband's medical care; and

20

Case ID: 210901614

     b)    She has been and will in the future be deprived of the services, assistance, and companionship of her husband.

WHEREFORE, Plaintiff demands judgment against the Defendants, individually and jointly and severally, in an amount in excess of Fifty Thousand ($50,000.00) Dollars in damages, costs, delay damages, punitive damages and all other damages to be determined at the time of trial.

MARCIANO & MACAVOY, P.C.

By: *Patrick D. MacAvoy*
       KEVIN R. MARCIANO, ESQUIRE
       PATRICK D. MacAVOY, ESQUIRE
       Attorneys for Plaintiffs

Date: September 21, 2021

Case ID: 210901614

## VERIFICATION

Patrick D. MacAvoy, Esquire, the undersigned hereby states that he is counsel for

Plaintiff and verifies that the facts set forth in the foregoing Complaint-Civil Action are true and

correct to the best of his knowledge, information and belief.  The undersigned understands that

the statements therein are made subject to the penalties of 18 Pa. C.S. Section 4904 relating to

unsworn falsification to authorities.


*Patrick D. MacAvoy*
KEVIN R. MARCIANO, ESQUIRE
PATRICK D. MacAVOY, ESQUIRE
Attorneys for Plaintiffs

Case ID: 210901614